**RECORD NUMBER: 14-4090(L)**

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## *for the*

# 𝔉𝔬𝔲𝔯𝔱𝔥 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**RASHAD JACOBS and RASUL GATFORD,**

*Appellants.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT WILMINGTON**

# OPENING BRIEF OF APPELLANTS

| | |
|---|---|
| RONALD COHEN | DANIEL HENRY JOHNSON |
| RONALD COHEN, | WILLIS JOHNSON & NELSON, PLLC |
|   ATTORNEY AT LAW | 1101 Haynes Street |
| 121 South Second Street | Suite 205 |
| Wilmington, NC 28401 | Raleigh, NC 27604 |
| (910) 409-4345 | (919) 900-7668 |
| | |
| *Counsel for Appellant Jacobs* | *Counsel for Appellant Gatford* |

**CP** **COUNSEL PRESS** • VA – (800) 275-0668

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT OF JURISDICTION............................................................ 1

ISSUE PRESENTED FOR REVIEW ......................................................... 1

STATEMENT OF THE CASE.................................................................... 1

    Procedural History ................................................................................ 1

    Facts and Rulings Presented for Review .............................................. 3

SUMMARY OF ARGUMENT .................................................................. 3

ARGUMENT ............................................................................................ 5

I.    THE TRIAL COURT'S UPWARD DEPARTURE FROM THE GUIDELINES-BASED SENTENCE WAS DRIVEN BY A PERCEIVED UNWARRANTED DISPARITY IN SENTENCING ................................................................................. 5

II.    THE TRIAL COURT ERRED BY USING AN UPWARD DEPARTURE FROM THE GUIDELINES TO EQUALIZE SENTENCES AMONG CO-DEFENDANTS ................................ 6

    Standard of Review ....................................................................... 6

    Argument ...................................................................................... 7

III.    THE TRIAL COURT'S ERRONEOUS DECISION CAN NOT BE JUSTIFIED ON THE BASIS THAT MR. JACOBS, MR. GATFORD, AND SEAN BRYE WERE "SIMILARLY SITUATED" FOR THE PURPOSES OF SENTENCING ............. 9

    Standard of Review ....................................................................... 9

    Argument ...................................................................................... 9

i

A. The defendants in this matter were not found guilty of similar conduct .................................................................. 10

B. The defendants in this matter did not have similar criminal backgrounds and records ...................................... 11

C. Even if the three co-defendants had similar records and were found guilty of similar conduct, the disparity among the sentences was not unwarranted ........................ 12

IV.    THE TRIAL COURT'S UPWARD DEPARTURE FROM THE GUIDELINES VIOLATED CONGRESSIONAL INTENT AND CREATED DISSIMILAR SENTENCES FOR SIMILARLY SITUATED DEFENDANTS ................................. 13

CONCLUSION ............................................................................. 16

REQUEST FOR ORAL ARGUMENT ....................................... 16

RULE 28 (F) ADDENDUM ...................................................... A-1

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**

*Dean v. United States*,
    556 U.S. 568 (2009)............................................................................. 14

*Gall v. United States*,
    552 U.S. 38 (2007)..................................................................... 6, 7, 9

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
    ___ U.S. ___, ___, 132 S. Ct. 2566 (2012) ...................................... 14

*United States v. Clark*,
    434 F.3d 684 (2006) ......................................................................... 15

*United States v. Enriquez-Munoz*,
    906 F.2d 1356 (9th Cir. 1990) ........................................................... 8

*United States v. Garza*,
    1 F.3d 1098 (10th Cir. 1993) ........................................................... 12

*United States v. Hall*,
    977 F.2d 861 (4th Cir. 1992) ........................................................... 15

*United States v. Hargrove*,
    701 F.3d 156 (4th Cir. 2012) .......................................................... 7, 9

*United States v. McGee*,
    736 F.3d 263 (4th Cir. 2013) ............................................................. 9

*United States v. Meza*,
    127 F.3d 545 (7th Cir. 1996) ........................................................... 12

*United States v. Nichols*,
    376 F.3d 440 (5th Cir. 2004) ........................................................... 12

*United States v. Olvis*,
    97 F.3d 739 (4th Cir. 1996) ............................................................. 10

*United States v. Perkins*,
    108 F.3d 512 (4th Cir. 1997) ............................................................... 7

*United States v. Rutana*
    932 F.2d 1155 (6th Cir. 1991) ................................................. 7, 8, 10

*United States v. Withers*,
    100 F.3d 1142 (4th Cir. 1996) ............................................................ 7

*United States v. Wogan*,
    938 F.2d 1446 (1st Cir. 1991).............................................................. 7

*Vanderwall v. Commonwealth of Va.*,
    No. 1:05cv1341, 2006 WL 6093879 (E.D. Va. Aug. 9, 2006) .......... 10

**Rules, Statutes, and Other Authorities:**

18 U.S.C. § 2 ......................................................................................... 1

18 U.S.C. § 924(c) ...................................................................... 1, 11, 14

18 U.S.C. § 924(c) (2014).......................................................... 5, 11, 13, 14

18 U.S.C. § 924(c)(1)(A)(ii) ................................................................ 5

18 U.S.C. § 924(c)(1)(A)(iii) ............................................................... 5

18 U.S.C § 3553 ......................................................... 5, 7, 10, 12

18 U.S.C. § 3742(a) ............................................................................ 1

28 U.S.C. § 1291 ................................................................................ 1

## STATEMENT OF JURISDICTION

The district court had jurisdiction over the cases of Rashad Jacobs and Rasul Gatford by virtue of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. This Court has jurisdiction by virtue of 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Mr. Jacobs filed a timely Notice of Appeal on January 28, 2014. (J.A. at 129-30). Mr. Gatford filed a timely Notice of Appeal on January 28, 2014. (J.A. at 131-32). Each Defendant appeals from a final judgment. (J.A. at 88-93, 123-28).

## ISSUE PRESENTED FOR REVIEW

Whether the trial court erred by upwardly departing from the Guidelines and issuing an upwardly enhanced sentence to achieve conformity among the sentences issued to co-defendants in this matter?

## STATEMENT OF THE CASE

**Procedural History:**

On January 15, 2013, a grand jury in the Eastern District of North Carolina returned a five-count indictment against both Defendants in this appeal, Rashad Jacobs and Rasul Gatford, along with a co-defendant Sean Brye. (J.A. at 21-23).

The first three counts of the indictment concerned only Sean Brye. Brye was charged with conspiracy to distribute cocaine, attempted distribution of cocaine base, and discharging a firearm during a drug trafficking crime. *Id.*

Only the final two counts of the indictment concerned Mr. Jacobs and Mr.

1

Gatford. They were charged with attempted possession of cocaine base with intent to distribute and brandishing a firearm during a drug trafficking crime. *Id.*

On January 16, 2014, the district court held a sentencing hearing for Mr. Jacobs. (J.A. at 76). Pursuant to a plea agreement, Mr. Jacobs pled guilty to Count Five of the Indictment, brandishing a firearm during a drug trafficking crime. (J.A. at 46-59). He was given an above-Guidelines sentence of ten years by the trial court. (J.A. at 86). Mr. Jacobs filed timely notice of appeal on January 28, 2015. (J.A. at 129-30).

Likewise, on January 16, 2014, the district court held a sentencing hearing for Mr. Gatford. (J.A. at 94). Pursuant to a plea agreement, Mr. Gatford also pled guilty to Count Five of the Indictment, brandishing a firearm during a drug trafficking crime. (J.A. at 60-75). He was given an above-Guidelines sentence of ten years by the trial court. (J.A. at 122). Mr. Gatford filed timely notice of appeal on January 28, 2015. (J.A. at 131-32).

Sean Brye was also sentenced by the trial court. (J.A. at 122). Brye, however, did not receive an above-Guidelines sentence. He pled guilty to Count Three of the Indictment, discharging a firearm during a drug trafficking crime. (J.A. at 151). Brye received only the Guidelines-recommended sentence for this offense: ten years. (J.A. at 122).

**Facts and Rulings Presented for Review:**

Brye was released from prison in Oklahoma on October 21, 2011, and shortly thereafter arrived in North Carolina with 12 ounces of cocaine base to sell. (J.A. at 152). Over the course of the days following his arrival, Brye distributed portions of this quantity of cocaine base through drug deals orchestrated by his girlfriend, Lawanda Booker. *Id.*

On the evening of November 13, 2011, Mr. Jacobs and Mr. Gatford arrived at Ms. Booker's house and attempted to rob Brye. (J.A. at 86, 151-52). During the robbery, Gatford, Jacobs, and Brye brandished weapons. Brye fired his weapon, and wounded Mr. Gatford along with an unindicted co-defendant. (J.A. at 152).

## SUMMARY OF THE ARGUMENT

The sentence given to each Defendant should be vacated because the trial court improperly used an upward departure from the Guidelines-based sentence to achieve conformity in sentencing among the co-defendants in this matter.

Mr. Gatford and Mr. Jacobs were charged with and pled guilty to brandishing a weapon during a drug trafficking crime. This offense carries with it a seven-year mandatory minimum sentence. Their co-defendant, Sean Brye, was charged with and pled guilty to a different offense, discharging a weapon during a drug trafficking crime. This offense carries with it a ten-year mandatory minimum sentence.

3

During the sentencing hearing for each Defendant, the trial court expressed its desire to give Mr. Gatford and Mr. Jacobs the same sentence it had previously issued to Sean Brye. It then upwardly departed from the Guidelines and issued a ten-year sentence to Mr. Gatford and Mr. Jacobs, sentences that matched the exact length of Sean Brye's sentence.

The trial court erred by using an upward departure to achieve sentencing parity among co-defendants. While a court may upwardly depart from the recommended sentence, it may not do so simply to achieve sentencing conformity in a particular case.

Mr. Gatford and Mr. Jacobs were not similarly situated to Sean Brye. They did not have similar backgrounds and had not been convicted of similar offenses. Moreover, even if they were similarly situated for purposes of sentencing, the disparity between the sentences was a result of the proper application of the Guidelines. It was not an unwarranted disparity, and therefore the court was not authorized to depart from the Guidelines to address the disparity.

The trial court's decision to upwardly depart equated two distinct provisions of the relevant statute, and therefore violated congressional intent. Further, by issuing an elevated sentence to these defendants based on an improper justification, the court created the exact problem it sought to address: it created sentencing disparity among a class of similarly situated defendants.

For these reasons, the Defendants' sentences should be vacated and this consolidated case should be remanded for resentencing.

**ARGUMENT**

## I. THE TRIAL COURT'S UPWARD DEPARTURE FROM THE GUIDELINES-BASED SENTENCE WAS DRIVEN BY A PERCEIVED UNWARRANTED DISPARITY IN SENTENCING.

Both Defendants in this appeal pled guilty to *brandishing* a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii), a violation which carries with it a mandatory minimum sentence of seven years. 18 U.S.C. § 924(c) (2014). Sean Brye, their co-defendant, pled guilty to *discharging* a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii), a distinct violation which carries a mandatory minimum of ten years. *Id.* Nevertheless, the trial court upwardly departed from the Guidelines when sentencing Mr. Gatford and Mr. Jacobs, issuing to each defendant a ten-year sentence specifically, but erroneously, crafted to match Brye's Guideline sentence. (J.A. at 86, 122).

Federal sentencing law allows a court to depart from the Sentencing Guidelines to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553 (2014). The trial court relied on this justification when sentencing Mr. Jacobs and Mr. Gatford, but in fact failed to craft a sentence in conformity with the Guideline

principle by issuing an unwarranted upward departure where similar conduct was not present.

When sentencing Mr. Gatford, the court specifically referred to Sean Brye, and stated, "[w]ell, I can give [Jacobs] 120 months, which would be the same as [Brye] got, which would be more equitable than the 84 [months]." (J.A. at 86).

Likewise, when sentencing Mr. Gatford, the court explained, "I don't see any reason to punish him any differently from the others. I'm inclined to give him the same sentence as the other two guys." (J.A. at 122). The court further noted that the upward departure yielded a "sentence consistent with the sentences imposed on the co-defendants" *Id.*

Adjusting the Defendants' sentences to match Sean Brye's was the *primary* factor driving the court's upward departure. (J.A. at 86, 122). Achieving a misguided parity for all the defendants despite the differing crimes and the differing Guidelines was the first questionable rationale noted by the trial court and was the common thread running through both sentencing hearings. *Id.*

## II.  THE TRIAL COURT ERRED BY USING AN UPWARD DEPARTURE FROM THE GUIDELINES TO EQUALIZE SENTENCES AMONG CO-DEFENDANTS.

### *Standard of Review:*

This Court reviews a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552

U.S. 38, 46 (2007); *United States v. Hargrove*, 701 F.3d 156, 161-62 (4th Cir. 2012).

**Argument:**

While a court may upwardly depart from the Guidelines to address a sentencing disparity, its ability to do so is not unlimited. It may only deviate from the recommended sentence when addressing disparities between defendants with similar backgrounds and guilty of similar conduct. *See* 18 U.S.C § 3553 (2014). Most relevant to this appeal, it may not adjust a defendant's sentence simply to equalize sentences among co-defendants.

The law in this Circuit is unambiguous: "disparate sentences among codefendants is an impermissible ground for departure." *United States v. Perkins*, 108 F.3d 512, 515 (4th Cir. 1997). "To base a defendant's sentence on a [co-defendant's] sentence is a short-sighted approach which ignores the Guidelines' attempt to eliminate unwarranted sentencing disparities nationwide." *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996). If there is a basis for disparity among co-defendants a court may not depart from the Guidelines simply to achieve conformity. *United States v. Rutana*, 932 F.2d 1155, 1159 (6th Cir. 1991). "[A] perceived need to equalize sentencing outcomes for similarly situated codefendants, without more, will not permit a departure from a properly calculated guideline sentencing range." *United States v. Wogan*, 938 F.2d 1446, 1448 (1st Cir.

1991). As the Ninth Circuit has stated, "[i]n short, an upward departure for purposes of equalization is not permissible." *United States v. Enriquez-Munoz*, 906 F.2d 1356, 1360 (9th Cir. 1990).

That is precisely what occurred in this case. As noted above, the trial court increased Mr. Gatford's sentence and Mr. Jacob's sentence to match Sean Brye's sentence. (J.A. at 86, 122). With each Defendant, it upwardly departed from the Guidelines sentence of seven years, and did so with the express purpose of equalizing the sentences among the co-defendants. *Id.*

The facts of this case are similar to the facts in *Rutana*. In that case, the district court departed downward from the Guidelines to reduce a relatively longer sentence given to one of the co-defendants in order to bring that sentence in line with the shorter sentence issued to two of the other co-defendants. *Rutana*, 932 F.2d at 1159. The Sixth Circuit rejected this approach and remanded the case for resentencing. *Id.* at 1160.

The district court's violation of this sentencing principle in this matter is even more egregious. In *Rutana* the district court downwardly departed to bring the outlying sentence in line with the group of co-defendants. Here, the trial court *upwardly* departed to bring the group in line with the outlier.

The sentences issued to Mr. Jacobs and Mr. Gatford were the product of the trial court's express desire to equalize sentences among defendants. This approach

represents an abuse of the trial court's discretion and violates a fundamental principle of sentencing law. Accordingly, the three-year increases added to the Defendant's Guidelines-based sentences were invalid and this case should be remanded for resentencing.

## III. THE TRIAL COURT'S ERRONEOUS DECISION CAN NOT BE JUSTIFIED ON THE BASIS THAT MR. JACOBS, MR. GATFORD, AND SEAN BRYE WERE "SIMILARLY SITUATED" FOR THE PURPOSES OF SENTENCING.

***Standard of Review:***

This Court reviews a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard. *Gall*, 552 U.S. at 46; *Hargrove*, 701 F.3d at 161-62. This Court reviews a district court's legal conclusions *de novo*. *United States v. McGee*, 736 F.3d 263, 269 (4th Cir. 2013). This Court reviews the factual findings underlying a district court's sentencing decision for clear error. *McGee*, 736 F.3d at 269.

***Argument:***

As detailed above, the trial court improperly departed from the Guidelines in order to equalize sentences among co-defendants. The trial court's express desire to achieve this result is clearly shown in the sentencing transcripts of both Defendants in this appeal. (J.A. at 86, 122). Nevertheless, the government may argue that the court's statements reflect only a finding that the multiple defendants in this matter were "similarly situated" for sentencing purposes, and therefore the

9

upward departure is allowed. This argument, however, fails; the upward departures given to these Defendants cannot be justified on this basis.

In some instances, federal sentencing law allows a court to depart from the Sentencing Guidelines to avoid unwarranted sentence disparities among defendants. However, in order to exercise this power, a court must be presented with defendants who have "similar records" and who have been found guilty of "similar conduct." 18 U.S.C § 3553 (2014). When compared to Sean Brye, both Mr. Gatford and Mr. Jacobs fail this test.

### A. The defendants in this matter were not found guilty of similar conduct.

Two defendants are not "similarly situated" if the crimes to which they plead guilty are distinct crimes. *See Rutana*, 932 F.2d at 1159 (6th Cir. 1991) (finding that when two defendants pled guilty to a negligent violation of federal law and another defendant pled guilty to a knowing violation of the same federal law, there was "indeed some basis for disparity"). "[P]eople charged with and convicted of different crimes are not similarly situated to each other." *Vanderwall v. Commonwealth of Va.*, No. 1:05cv1341, 2006 WL 6093879, at *7 (E.D. Va. Aug. 9, 2006) (decision available in electronic database). As this Court has explained in the Equal Protection context, "defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors." *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996).

In this case, Mr. Gatford and Mr. Jacobs pled guilty to a *brandishing* a firearm during a drug trafficking crime. Sean Brye pled guilty to *discharging* a firearm during a drug trafficking crime. (J.A. at 151). While the underlying crime was the same, the criminal charges arising from the crime are not. Brandishing a weapon and discharging a weapon are addressed in separate sub-sections of 18 U.S.C. § 924(c) and are clearly differentiated under federal law. 18 U.S.C. § 924(c) (2014). That differentiation is clear in this case, as the charges under this statute brought against Mr. Gatford and Mr. Jacobs were grouped together in Count Five; whereas, the charge under this statute brought against Sean Brye was designated in a separate count of the indictment, Count Three. (J.A. at 21-23).

In short, the Defendants in this appeal have been charged with different conduct than Sean Brye and found guilty of different conduct than Sean Brye.

## B. The defendants in this matter did not have similar criminal backgrounds and records.

Further, the Defendants did not have similar criminal records and backgrounds. Mr. Jacobs was designated as being in a criminal history category of IV. (J.A. at 139). Mr. Gatford fell into a criminal history category of III and had never served an active prison sentence. (J.A. at 154). Sean Brye, in comparison, had been released from prison *less than a month* before the date of the underlying incident in question, and returned directly to the drug trade after his release. (J.A.

11

at 151). There was disparity in criminal records and backgrounds among the defendants, and between the Defendants in this appeal and Sean Brye.

### C. Even if the three co-defendants had similar records and were found guilty of similar conduct, the disparity among the sentences was not unwarranted.

Finally, the plain text of 18 U.S. Code § 3553 authorizes a court to address only "unwarranted" disparities among the sentences. 18 U.S.C. § 3553 (2014). Even if one assumes for the sake of this argument that all of the co-defendants in this matter presented before the trial court with similar records and were found guilty of similar conduct, only an *unwarranted* disparity would justify a departure from the guidelines. *United States v. Garza*, 1 F.3d 1098, 1101 (10th Cir. 1993).

Disparities resulting from the proper application of the Guidelines to the specific facts of the case are not "unwarranted" disparities. *United States v. Nichols*, 376 F.3d 440, 443 (5th Cir. 2004). As the Seventh Circuit has explained:

> There are two types of disparities: justified and unjustified. A justified disparity is one that results from the proper application of the Guidelines to the particular circumstances of a case. This type of disparity can never be a basis for departure from the Guidelines' sentencing range because it is the application of the Guidelines that created the disparity in the first place.

*United States v. Meza*, 127 F.3d 545, 549 (7th Cir. 1996).

The three co-defendants in this matter were not "similarly situated". Mr. Gatford and Mr. Jacobs were charged with and pled guilty to the violation of a wholly separate and distinct statutory sub-section than the one under which Sean

12

Brye was charged and to which he plead guilty. Accordingly, for sentencing purposes, they were not before the court based on "similar conduct." Moreover, there was no similarity among the criminal records of the defendants, or between the records of the Defendants in this appeal and Sean Brye.

Finally, even if one were to assume that all co-defendants in this matter were "similarly situated", the court was only allowed to depart from the Guidelines if an *unwarranted* disparity was present. Here, the Guidelines set a specific minimum sentence for Mr. Gatford and Mr. Jacobs of seven years. 18 U.S.C. § 924(c) (2014). Sean Brye's conviction, on the other hand, was associated with a specific ten-year sentence. *Id.* The resulting disparity was only a product of the proper application of federal sentencing law. Therefore, it was a "justified" disparity. The trial court's departure based on this disparity was invalid and the sentences issued in this matter should be vacated.

## IV.    THE TRIAL COURT'S UPWARD DEPARTURE FROM THE GUIDELINES VIOLATED CONGRESSIONAL INTENT AND CREATED DISSIMILAR SENTENCES FOR SIMILARLY SITUATED DEFENDANTS.

As noted above, the trial court expressly increased each Defendant's sentence so that the sentences would match Sean Brye's sentence. In essence, the court intentionally equated the offense of brandishing a weapon during a drug trafficking crime with the distinct offense of discharging a weapon during a drug trafficking crime. Despite the fact that the Defendants pled guilty to one crime,

13

wholly different from Byre's crime, they were punished as though they had committed another.

When Congress enacted 18 U.S.C. § 924(c) it established a clear distinction between brandishing and discharging a weapon. *See* 18 U.S.C. § 924(c) (2014) (including a sub-section for brandishing and a distinct sub-section for discharging). To equate the offenses, as the court did in this case, runs counter to the intent of Congress.

"Where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, ___ U.S. ___, ___, 132 S. Ct. 2566, 2583 (2012). The United States Supreme Court has applied this general principle of interpretation to these specific sub-sections of the statute, noting as part of its analysis that these were distinct sub-sections. *See Dean v. United States*, 556 U.S. 568, 573 (2009) (addressing the sub-sections in question here).

During Mr. Jacob's sentencing, the trial court explained its view that Mr. Jacobs "shouldn't be reward[ed] . . . just because he didn't or he claims not to have pulled the trigger." (J.A. at 86). That distinction – between pulling the trigger and not – is the specific distinction Congress intended to create, and Mr. Jacobs and Mr. Gatford are entitled to be sentenced according to that distinction. To issue the sentence to properly satisfy both the statute and the Guidelines is not to "reward"

Mr. Jacobs and Mr. Gatford; it is simply to treat them as the law intended and requires.

To treat Mr. Gatford and Mr. Jacobs as though they were found guilty of violating sub-section (c)(1)(A)(iii) when, in fact, they were charged with and found guilty of violating sub-section (c)(1)(A)(ii) ignores the distinction Congress intentionally crafted into the statute.

Further, ignoring the distinction and elevating the sentence issued to the Defendants actually causes the problem the court seeks to avoid: it *creates* sentencing disparity among a class of similarly situated defendants. One of the central goals of the Guidelines is to achieve nationwide uniformity in the sentencing of defendants with similar records and similar crimes. *See United States v. Hall*, 977 F.2d 861, 864 (4th Cir. 1992). As this Court has emphasized "*the sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants.*" *United States v. Clark*, 434 F.3d 684, 687 (2006) (emphasis in original). By pulling the Defendants out of the class of defendants who received the standard, recommended seven-year sentence, and instead issuing a ten-year sentence, the court *created* disparity between these Defendants and the standard defendant receiving the basic sentence under sub-section (c)(1)(A)(ii).

By issuing a ten-year sentence, the trial court punished Mr. Gatford and Mr. Jacobs in a manner that contradicted Congressional intent and created disparity

between their sentences and other similarly situated defendants. Therefore, the ten-year, judicially enhanced sentences should be vacated, and this case should be remanded for resentencing.

## CONCLUSION

For the foregoing reasons, Mr. Jacobs and Mr. Gatford respectfully request that their sentences be vacated. This consolidated case should be remanded to the sentencing court for resentencing.

## REQUEST FOR ORAL ARGUMENT

Because of the significance of the issues presented in this appeal, Mr. Jacobs and Mr. Gatford respectfully request that oral argument be granted in this case.

Respectfully submitted this 5th day of May, 2014.

*/s/ Daniel Johnson*
Daniel Johnson
State Bar No. 33043
Drew Nelson
State Bar No. 34129
Attorneys for Rasul Gatford
Willis Johnson & Nelson PLLC
1101 Haynes Street, Suite 205
Raleigh, NC 27604
daniel@wjnpllc.com
T: 919-900-7668
F: 919-900-7669

*/s/ Ronald Cohen*
Attorney for Jacobs
121 S. 2nd Street
Wilmington, NC    28401
910 515 9693
appeallawyercohen@aol.com

16

# RULE 28 (F) ADDENDUM

## 18 U.S.C. § 924 (2014)

* * *

"(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

--------------------------

## 18 U.S.C. § 3553 (2014)

* * *

"(a) (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and"

A-1

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-4090     **Caption:** US v. Rashad Jacobs and Rasul Gatford

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

☑    this brief contains _____3,546_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☑    this brief has been prepared in a proportionally spaced typeface using
Microsoft Word 2010 _____ [*identify word processing program*] in
TImes New Roman 14 Point _____ [*identify font size and type style*]; **or**

☐    this brief has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Ronald Cohen _____

Attorney for Appellant Jacobs _____

Dated: 5/5/2014 _____

# CERTIFICATE OF SERVICE

I certify that on <u>May 5, 2014</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Jennifer P. May-Parker
OFFICE OF THE U.S. ATTORNEY
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461
919-856-4530
jennifer.may-parker@usdoj.gov

Ronald Cohen
_____
Signature

5/5/2014
_____
Date